# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

**Kee Tom Farley, et al., Plaintiffs,**

v.

**Kerr McGee, et al., Defendants.**

**Decided April 23, 1999**

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER came before the Court upon Defendants' memorandum on expert disclosures and the Plaintiffs' memorandum concerning simultaneous exchange of expert interrogatories. This Court, having considered the parties' memoranda and subsequent oral arguments at the July 14, 1998 status conference, is fully informed in the matter and hereby FINDS:

1. That on June 8, 1998, the Defendants submitted their memorandum regarding expert witness disclosure in which they proposed a staggered schedule for expert witness disclosures, requiring that the Plaintiffs disclose their expert witnesses and reports on January 31, 1999, with Defendants' submission of the same on April 30, 1999, followed by Plaintiffs' disclosure of rebuttal expert witnesses and reports scheduled on June 30, 1999.

2. That on June 8, 1998, the Plaintiffs submitted their memorandum regarding expert witness disclosure, proposing a simultaneous exchange of expert witness disclosure by the parties.

3. That on July 14, 1998, both parties argued their respective positions orally at a status conference, at which time this Court stated it would take the matter under advisement and would issue a ruling at a later date.

## CONCLUSIONS OF LAW

The issues of sequence and timing in discovery are addressed in Rule 26(d), Nav. R. Civ. P., which states:

> *Sequence and Timing of Discovery.* Unless the court, upon motion for the convenience of parties and witnesses, and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

Rule 26(d), F.R.C.P., after which the Navajo rule was modeled, contains the identical wording. While not binding upon this Court, the federal rule is persuasive in that it exemplifies the principle of mutuality which inspired the drafters of the Navajo rule.

Moreover, Rule 1, Nav. R. Civ. P., states that the rules, "shall be construed to serve the just, speedy, and inexpensive determination of every action." The commentary which follows explains that, "[t]he purpose of these Rules is to provide both the judges and practitioners with a uniform guide for the just and efficient processing of a case through court."

While Rule 26(d), Nav. R. Civ. P., allows the judge discretion to determine the sequence and timing of discovery, which is not only the most convenient for the parties, but consistent with the interests of justice as well, Rule 1, Nav. R. Civ. P., charges the judge with the responsibility of construing the Rules in a manner which is "just," with the overall goal of efficiency.

The staggered method of expert witness disclosure as proposed by the Defendants would provide the Defendants with a strategic advantage which is hardly in keeping with the ideal of justice or the principle of mutuality.

IT IS THEREFORE ORDERED that the sequence of expert witness disclosure shall be effectuated by both parties in a simultaneous manner.

IT IS FURTHER ORDERED that the timing of such simultaneous disclosure shall be in accordance with pre-trial scheduling which may be determined by agreement of the parties, or, in the event the parties are unable to agree on a schedule, by subsequent order of this Court.